TERRY *v.* LOGUE.

Opinion delivered April 29, 1905.

REFORMATION—MISTAKE.—Where a widow of one who died childless
   and without creditors, being ignorant of her rights and relying upon
   the statements of defendants, agreed to a division of her husband's
   estate whereby she got a one-third share therein, when she was
   entitled to one-half, it being a new acquisition and not an ancestral
   estate, equity will decree a reformation.

Cross appeals from Franklin Circuit Court, Ozark District.

JEPTHA H. EVANS, Judge.

Affirmed.

### STATEMENT BY THE COURT.

This is an action in equity to set aside an agreement for
the division of property belonging to the estate of plaintiff's
former husband. Plaintiff was the wife of Marion F. Terry, who
afterwards died without children, leaving the plaintiff, Mary P.
Terry, as his widow, who afterwards married one Logue. Marion
Terry also left surviving him his mother, Sarah Terry, and cer-
tain brothers and sisters and certain children of a deceased
brother. He owed no debts. After Jerry died, his widow, the
plaintiff, entered into an agreement with his mother to divide
the property on the basis of one-third to the widow and two-
thirds to the mother, and they left the matter to two of their
neighbors to make the division, and give each of them such share
of the property as in the opinion of the persons making the
division she was entitled to receive. It seems that all parties
to this division acted in good faith, but under the mistake that
the widow was only entitled to one-third of the property, and so
it was divided in that way, or at least a part of it was so divided.
She afterwards brought this suit to recover an additional amount
as dower, on the theory that the contract with the mother of her
husband and the subsequent division of the property was made
in ignorance of her rights and was without consideration. The
chancellor sustained her contention, and decreed accordingly.

*Sam R. Chew,* for appellants.

A compromise of litigation is a good consideration to sustain the agreement. 21 Ark. 69; 44 Ark. 556; 29 Ark. 131; 31 Ark. 222; 43 Ark. 217; 62 Ark. 621. The widow got in the compromise just what she was entitled to under the law. Kirby's Dig. § 2709; 5 Ark. 536. Collateral heirs means collateral heirs. 17 Ark. 608, 651; 20 Ark. 410; 28 Ark. 200.

*W. W. Cotton* and *T. A. Pettigrew,* for appellee.

Equity will relieve from a contract made under a mutual mistake. 13 Ark. 129; 15 Ark. 489; 21 Ark. 84; 49 Ark. 34; 11 Pet. 71. In addition to dower, the widow is entitled to the articles mentioned in section 72 of Kirby's Digest. 60 Ark. 461; 55 Ark. 225; Kirby's Dig. § 2709; 53 Ark. 261. Where the widow's share in the personalty is used to pay debts, she is subrogated to the rights of creditors. 17 Ark. 381; 52 Ark. 499.

RIDDICK, J., (after stating the facts.) We are of the opinion that the judgment of the chancellor should be affirmed. The husband of the plaintiff left no children and no creditors. The real property left by him was a new acquisition, and not an ancestral estate. The chancellor, therefore, in our opinion, correctly decided that the widow was entitled to one-half of the estate, both real and personal. Kirby's Dig. § 2709.

The agreement for a division of the property which was made between the widow and the mother of Terry, the former owner, was made under a mutual mistake as to the rights of the widow in the estate. The chancellor found that this agreement was without consideration, and "without knowledge on the part of plaintiff as to her legal rights, and that the agreement was in part executed before the commencement of this suit, the extent of the performance being uncertain from the proof."

The evidence supports the finding of the chancellor that the agreement in reference to a division of the property was made by plaintiff under a mistake as to her legal rights, and that it was without consideration. The plaintiff was a woman who had no experience in business matters, was entirely ignorant of the law, and was, it seems, to some extent at least, misled by the

statements of certain of the defendants to the effect that she was only entitled to one-third of the estate. These parties were probably acting in good faith, but they should not be allowed to take advantage of an agreement brought about through their erroneous statements of the law. The case, in our opinion, comes within the principles announced by this court in *Lawrence County Bank* v. *Arndt,* 69 Ark. 406.

Judgment affirmed.